**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-01545-REB-MJW

UNITED STATES OF AMERICA,

     Plaintiff,

v.

WILLIAM H. WESSON,

     Defendant.

_____

**ORDER GRANTING UNITED STATES'
MOTION TO ENFORCE FINAL ENFORCEMENT ORDER AND JUDGMENT
AND IMPOSING SANCTIONS FOR CONTEMPT OF COURT**
_____

**Blackburn, J.**

     The matter before me is the **United States' Motion To Enforce Final

Enforcement Order and Judgment** [#15][1] filed October 15, 2008. I heard the motion

on November 24, 2008, in the course of a show cause hearing precipitated by the

**Order To Show Cause** [#21] entered November 17, 2008. The petitioner appeared by

its counsel of record. The respondent appeared pro se.

     After considering carefully all reasons stated, arguments advanced, and

authorities cited by the parties in their papers, including respondent's additional written

objections, which I received in open court during the hearing, and after permitting the

parties to proceed by evidence, affidavit, declaration, offer of proof, and/or argument, I

entered findings of fact, conclusions of law, and orders from the bench. This order is

entered to confirm, supplement, and expatiate those findings, conclusions, and orders.

---

[1]  "[#15]" is an example of the convention I use to identify the document number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## I. FINDINGS AND CONCLUSIONS

1. On September 12, 2008, I entered a **Final Enforcement Order** [#7], requiring the respondent, William H. Wesson ("respondent"), to comply by October 13, 2008, with an Internal Revenue Service ("IRS") summons that had been served on him by the IRS.

2. To date, respondent has failed without excuse or justification to comply fully with the my **Final Enforcement Order**. *See* Petitioner's Motion, Ex. A-1, Declaration of Kurt Kuxhausen, at ¶ 4.

3. Respondent was first served with the IRS summons on March 6, 2008. This summons required respondent to appear before an IRS Revenue Agent and produce the documents specified in the summons on or before March 20, 2008. Respondent failed to appear or produce any documents on or before that date. *See* Petition to Enforce Internal Revenue Service Summons [#1], at Ex. 2.

4. On July 23, 2008, the United States filed a Petition to Enforce Internal Revenue Service Summons. *See* [#1].

5. On July 28, 2008, I issued an Order to Show Cause ("OSC") [#2]. The OSC ordered respondent to appear before the court at a show cause hearing on September 12, 2008. *See id.*

6. The IRS personally served respondent with the OSC [#2] on August 14, 2008. *See* [#3].

7. On September 8, 2008, respondent filed a response [#4] to the OSC.

8. On September 11, 2008, respondent filed a letter [#5], containing a newspaper article that respondent referenced in his response to the OSC.

9. On September 12, 2008, respondent appeared at and participated in the Show Cause hearing. *See* Minutes [#6] and Transcript [#9].

10. On September 12, 2008, I issued a Final Enforcement Order [#7], directing respondent to comply with the IRS summons on or before October 13, 2008.

11. On September 12, 2008, the clerk of the court issued a Judgment [#8] in favor of the petitioner.

12. On October 8, 2008, respondent filed a motion [#10] requesting that the court issue findings of fact and conclusions of law.  On October 10, 2008, I entered an order [#14] denying respondent's motion.

13. On October 8, 2008, Respondent filed a Notice of Appeal [#11].[2] Respondent has not sought or received a stay of execution of the Final Enforcement Order [#7] either in this court or the court of appeals.

14. On October 15, 2008, petitioner filed United States' Motion To Enforce Final Enforcement Order And Judgment [#15], which precipitated the Order To Show Cause [#21] entered November 17, 2008.

15. During the show cause hearing on November 24, 2008, respondent attempted ostensibly to comply belatedly with the Final Enforcement Order [#7] and IRS summons by tendering to petitioner in open court a small portion of the documents required to be produced pursuant to the IRS summons. Respondent's partial disclosure

---

[2]  In the absence of a stay pending appeal, once a district court orders the enforcement of a summons, the summoned party must comply with the district court's order, notwithstanding the taking of an appeal.  *U.S. v. Lawn Builders of New England, Inc.*, 856 F.2d 388 (1st Cir. 1988) (holding that district court had jurisdiction to hold corporate taxpayer's president in contempt for failing to comply with order enforcing Internal Revenue Service summons, even though president's appeal of the enforcement order was pending, where president had neither applied for nor received stay of enforcement order); *see also Maness v. Meyers*, 419 U.S. 449, 458 (1975) (holding that "all orders and judgments of courts must be complied with promptly.  If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."); *United States v. United Mine Workers*, 330 U.S. 258, 293 (1947) (holding that the orderly and expeditious administration of justice by the courts requires that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."). Here, respondent did not request that the court stay its ruling that respondent comply with the summons by October 13, 2008. [#9].  Accordingly, this court has jurisdiction to order respondent to comply with the Final Enforcement Order, even though respondent has appealed that order to the Tenth Circuit court of Appeals.

and production of documents is too little too late. Respondent's limited production of documents on the day of the enforcement hearing does not constitute even substantial compliance with the Final Enforcement Order [#7] and does not expurgate his otherwise contumelious conduct.

16. Similarly, respondent's feckless excuse that he has moved recently and, thus, does not know the whereabouts of all of the relevant documents does not constitute a viable defense to contempt. Respondent has had literally months to comply with the IRS summons. Time is up. More to the point, his explanation is incredible. Respondent knows full well what records he has and where they are. Such a mendacious excuse exacerbates, not extenuates, his contempt.

17. In violation of the orders of this court, respondent inexcusably has failed and refused to comply with the Final Enforcement Order [#7] and IRS summons on or before October 13, 2008.  *See* Petitioner's Motion, Ex.  A-1, Kuxhausen Decl., at ¶ 4.

18. This court has jurisdiction in these IRS summons enforcement proceedings under 26 U.S.C. §§ 7402 and 7604(a), and under 28 U.S.C. §§ 1340 and 1345.

19. A district court has the inherent power to enforce its orders through civil contempt.[3]  *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  A finding of civil contempt is proper where: (1) a valid court order existed; (2) the respondent had knowledge of that order; and (3) the respondent disobeyed that order.  *FTC v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004) (citing *Reliance Ins. Co. v. Mast*

---

[3] Contempt proceedings are either civil or criminal in nature.  Consistent with the objectives underlying civil and criminal contempts, if the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil.  *Colombo v. New York*, 405 U.S. 9, 10-11 (1972); *Shillitani v. United States*, 384 U.S. 364, 369-70 (1966); *Cheff v. Schnackenberg*, 384 U.S. 373, 377 (1966); *United States v. Haggerty*, 528 F. Supp. 1286, 1296 (D. Colo. 1981). Where the penalty is fixed and there is no possibility of complying with the court order, the contempt is criminal. *Shillitani*, 384 U.S. at 369-70.

*Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)).  The moving party is required only to establish a prima facie case of contempt by demonstrating that certain conduct was required by a previous court order and that the alleged contemnor failed to comply with that order.  *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984).

A person who fails to comply with an order enforcing an Internal Revenue Service summons may be held in civil contempt.  *United States v. Rylander*, 460 U.S. 752, 761-62 (1983); *U.S. v. Gonzales*, 531 F.3d 1198, 1201 (10th Cir. 2008); *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982).  "If the district court orders the summons enforced and the taxpayer still refuses to comply, contempt proceedings . . . are warranted."  *Riewe*, 676. F.2d at 421.

There are two types of civil contempt sanctions: coercive sanctions and compensatory sanctions.  Coercive contempt sanctions "look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order."  *Latrobe Steel Co. v. United Steelworkers,* 545 F.2d 1336, 1344 (3rd Cir. 1976).  Compensatory sanctions, on the other hand, seek to "compensate the complainant through the payment of money for damages caused by past acts of disobedience."  *Id.; see also Maggio v. Zeitz*, 333 U.S. 56, 67-68 (1948); *United States v. United Mine Workers of Amer.*, 330 U.S. 258, 303-04 (1947); *South Suburban Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2nd Cir. 1989).

In this case, the petitioner seeks coercive sanctions to compel respondent to comply with the IRS summons and produce the requested information. A coercive sanction should be designed to bring about the desired result and to reflect the character and magnitude of harm if the desired result is not achieved.  *O'Connor v. Midwest Pipe Fabricators, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992); *see also United*

*Mine Workers,* 330 U.S. at 304.

Civil confinement is one type of coercive sanction. The United States Supreme Court has stated that courts have the power to "impose conditional imprisonment for the purpose of compelling a person to obey a valid order" for the benefit of third parties. *Uphaus v. Wyman*, 360 U.S. 72, 81 (1959) (stating that "[s]uch coercion, where the defendant carries the keys to freedom in his willingness to comply with the court's directive, is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees").

20. Respondent, without excuse or justification in fact or law, failed and refused to obey the Final Enforcement Order [#7], which is a lawful order entered by a court of competent jurisdiction of which order he had knowledge. At all relevant times respondent had the ability to obey and continues to have the ability to obey the Final Enforcement Order [#7].

21. Respondent's continuing failure and refusal to obey the Final Enforcement Order [#7] for which he continues to have the ability to obey is offensive to the authority and dignity of the court and constitutes a continuing contempt of court for which respondent must be sanctioned and punished to vindicate the authority and dignity of the court.

22. I have considered carefully, but rejected for now as inefficacious all other sanctions for contempt of court, including the imposition of a fine or daily fines.[4] There is no evidence of the respondent's ability to pay a fine. The sanction necessary in these circumstances is incarceration, pending expurgation of contempt by full compliance with the orders of this court.

---

[4] I expressly reserved the right to consider the imposition of attorney fees and costs as an additional sanction.

23. The petitioner's motion [#15] should be granted, and the show cause order [#21] should be made absolute.

## II. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **United States' Motion To Enforce Final Enforcement Order and Judgment** [#15] filed October 15, 2008, is **GRANTED**;

2. That the **Order To Show Cause** [#21] entered November 17, 2008, is **MADE ABSOLUTE**;

3. That the respondent, William H. Wesson, is **FOUND GUILTY** of civil contempt and **ADJUDICATED TO BE** in contempt of court;

4. That as a coercive sanction for this civil contempt, the respondent, William H. Wesson, **SHALL BE INCARCERATED** until he **PURGES** himself of contempt by unconditionally complying with the **Final Enforcement Order** [#7] entered September 12, 2008, by unconditionally complying with the IRS **Summons** [#1-3] served on him on March 6, 2008;[5]

5. That imposition of the coercive sanction of incarceration as provided in paragraph 4 above is **STAYED** until 5:00 p.m. (MST), on December 15, 2008, by which deadline the respondent, William H. Wesson, **SHALL HAVE COMPLIED** fully with the the **Final Enforcement Order** [#7] entered September 12, 2008, and the IRS **Summons** [#1-3] served on him on March 6, 2008, as required in paragraph 4 above;

6. That if by 5:00 p.m. (MST), on December 15, 2008, the respondent. William H. Wesson, **HAS FAILED TO COMPLY** fully with the **Final Enforcement Order** [#7]

---

[5] The deadlines for compliance in the Summons and subsequent Final Enforcement Order are supplanted and superseded by this order.

entered September 12, 2008, and the IRS **Summons** [#1-3] served on him on March 6, 2008, as required in paragraph 4 above, as made to appear by the motion of the petitioner, duly verified or supported by affidavit or declaration, then the respondent, William H. Wesson, **SHALL BE ARRESTED AND INCARCERATED** as provided in paragraph 4 above until he **PURGES** himself of contempt by unconditionally complying with the **Final Enforcement Order** [#7] entered September 12, 2008, by unconditionally complying with the IRS **Summons** [#1-3] served on him on March 6, 2008;[6]

7. That this order **SHALL SERVE** as a writ and mittimus to the United States Marshal for the District of Colorado to arrest and incarcerate the respondent, William H. Wesson, pursuant to the terms of this order;

8. That the court **TAKES UNDER ADVISEMENT** whether the respondent, William H. Wesson, should be required to pay the reasonable attorney fees and costs of the petitioner in filing and prosecuting **United States' Motion To Enforce Final Enforcement Order and Judgment** [#15] filed October 15, 2008, as an additional sanction for contempt of court;[7] and

9. That a copy of this order **SHALL BE SERVED** on the respondent, William H. Wesson, by the petitioner.

---

[6] This provision of the order shall be implemented and executed without further notice or hearing.

[7] During the enforcement hearing I ordered the petitioner to file by December 5, 2008, its affidavit for the attorney fees and costs incurred by petitioner in the commencement and prosecution of this enforcement action.

Done November 25, 2008, in chambers to confirm, supplement, and expatiate the findings of fact, conclusions of law, and orders entered from the bench in open court on November 24, 2008.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge